IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELLY OLIVIERA, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:14-cv-00708-CC-JSA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.   Description of Case:

(a)   Describe briefly the nature of this action.

Plaintiff Oliviera asserts claims of sexual harassment, both hostile work environment and tangible employment action, and her retaliation claim against both the City and the individual Defendants under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  The City of Atlanta is also liable for identical claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII").  Plaintiff also asserts interference and retaliation claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA") against the City.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff's Summary:

Plaintiff started her employment at the City of Atlanta Municipal Court in January 2010 through an internship while she was a student at Georgia State University. After her internship ended, Plaintiff was hired into a full-time position in April 2010. Her first position was data entry clerk in the clerk's office. Her work area was near the office of Defendant Horace Wyatt, the Director of Operations at the Court.

Almost immediately after she started her full-time position in April 2010, Defendant Wyatt began sexually harassing Plaintiff. The sexual harassment was both verbal and physical and included, but was not limited to, the comments and actions described in the following paragraphs. Wyatt started by ogling Plaintiff's body up and down while moving his mouth, lips, and tongue. By September 2010, Plaintiff was selected by Judge Clinton Deveaux to be his case manager. At that point, the harassment escalated. As Plaintiff walked by, Wyatt would say things like "damn" and "your legs look sexy." When the demands of her job required that she enter Wyatt's office, Wyatt mentioned to Plaintiff that he enjoyed going to strip clubs because he loved white "pussy," loved that the strippers put their "pussy" in his face, and that strippers were especially gifted at fellatio. Wyatt also

2

stated aloud "wonder what your pussy looks like?" Stunned and disgusted by these revelations, Plaintiff told Wyatt to stop talking to her in that manner.

Wyatt then began to solicit Plaintiff directly by sending her text messages asking her to meet him at a motel. When Plaintiff would not willingly comply with Wyatt's requests, he began to force contact with her. On occasion, Wyatt grabbed and rubbed Plaintiff's thighs when she was turned away from him. Shortly after one of those incidents, Wyatt pulled Plaintiff in for a hug while they were alone on the elevator. As she wiggled to get out of his grasp, Wyatt told her that her "tits were perky." After he let go of Plaintiff, Wyatt asked her to turn around so he could see her "ass." In 2011, Wyatt filled in for Plaintiff's co-worker in the courtroom. On that day, Wyatt stared at Plaintiff's thighs and buttocks. Wyatt wrapped his legs around the chair in which Plaintiff was sitting, and told her that her "ass looked so fat" in her pants. He asked her to stand up so that he could see her buttocks. Plaintiff reminded Wyatt that Judge Deveaux was nearby and that the courtroom cameras were recording.

In May 2011, Judge Deveaux informed Plaintiff that he was going to retire the following month. Plaintiff was terrified that her protector would be leaving. Almost immediately after Judge Deveaux announced his retirement, Wyatt informed Plaintiff that she would be demoted to Data Entry clerk. Wyatt told her

that Defendant Gaines and Defendant Patterson ordered him to demote her. Plaintiff immediately approached Judge Deveaux to voice her concerns. She complained to Judge Deveaux about Wyatt's sexually inappropriate and hurtful touching and comments. At the Judge's urging, Plaintiff reported Wyatt's misconduct to Chris Patterson, the Court Administrator. When she asked to transfer to a different department, Patterson told her that she was going to be promoted to a Quality Control position and just to hold on a little longer. Upon information and belief, after Patterson consulted with Wyatt, that promotion was rescinded. That same day, Wyatt ordered a court employee to remove all the files from Plaintiff's office. From that point forward, Plaintiff was not given any work to complete.

    Bored with her new position, Plaintiff applied for a criminal records analyst position. She was told by that division's manager that she had the position. The offer was rescinded unexpectedly. In September 2011, Wyatt assigned Plaintiff to another position, the DUI Friday calendar. Although she was still managed by Wyatt, Plaintiff relished the idea of doing the meaningful work she had done when she worked for Judge Deveaux. She was not trained on this unique calendar, and her first day did not go well. Wyatt said to her "that's what you get."

In November 2011, an employee in Human Resources notified the HR department of Plaintiff's plight after Plaintiff had revealed to her that Wyatt had subjected her to rampant sexual harassment. At that point, Plaintiff cooperated in the HR department's investigation of Wyatt's misconduct. Unfortunately, HR was of no help to Plaintiff and sought only to protect Wyatt. Beginning in January 2012, Plaintiff's mental condition from the stress of working for Wyatt became so unbearable that she began to take FMLA intermittently over the following few months. Plaintiff was fired in May 2012 before her FMLA leave had expired for lack of work.

Defendant's Summary:

In 2010, Plaintiff was hired by the City of Atlanta Municipal Clerk as a data entry clerk. In September 2010, Plaintiff was hired by Judge Clinton Deveaux for the position of case manager. In June 2011, Judge Deveaux retired. As such, Plaintiff was without a permanent assignment and was subject to termination. Plaintiff alleges that during a period of 2010 through May 2011, she was subjected to sexual advances from Horace Wyatt, a Court Manager for the City of Atlanta Municipal Courts.

In July 2011, only after Judge Deveaux retired and was no longer a City employee, Plaintiff approached Judge Deveaux with concerns regarding Horace

Wyatt and ultimately reported concerns regarding Wyatt's poor management style to higher management. In November 2011, Plaintiff made a formal complaint to Human Resources regarding sexual harassment and the complaint was investigated. During the course of the investigation, Plaintiff alleged that that video footage captured on the Municipal Court's CCTV supported her allegation of sexual harassment. After an extensive review of the identified footage, no actions captured supported Ms. Oliveira's allegation.

Plaintiff provided the names of several individuals for the City to interview as part of the investigation. Employee interviews were conducted with each of the individuals Plaintiff provided. Each individual stated that they only learned of the allegation from Plaintiff but they never witnessed the physical or verbal acts Plaintiff alleged that Mr. Wyatt made to her.

Plaintiff further alleged that she filed a previous complaint regarding sexual harassment by Mr. Wyatt with Christopher Patterson, Court Administrator for the City of Atlanta Municipal Court, and that Mr. Patterson failed to take the appropriate action. Investigation of this matter determined that the nature of the Plaintiff's complaints consisted of concerns regarding poor management style and not sexual harassment.

Lastly, Plaintiff alleged that City interfered and retaliated against her in violation of FMLA. During the course of the investigation and as Plaintiff was no longer assigned to a sitting judge, Plaintiff was given and accepted the assignment to work on a special project regarding resolving outstanding DUI cases. The Plaintiff had difficulty in completing the assigned task. Plaintiff took FMLA leave. While Plaintiff was on FMLA leave, the DUI cases were reassigned in order for the Court to meet the timeline originally set by Chief Judge Crystal Gaines.

Other duties and assignments were recommended to the Plaintiff, which would allow the Plaintiff to keep her same pay and position classification. The Plaintiff declined these assignments despite the fact that she was experienced in performing these duties. No further projects could be identified for the Plaintiff when considering the needs of the court and after the DUI project was completed. Plaintiff was terminated in May 2012 for lack of work.

During the course of her employment, Plaintiff further refused to meet with HR investigators for a secondary interview to clarify information. Based on the absent of any testimonial and documentary evidence, the investigation did not sustain Plaintiff's allegations. During the course of the investigation, Plaintiff also made statements to a coworker that was perceived as a physical threat against Mr. Wyatt.

Plaintiff alleges sex harassment, hostile work environment and retaliation pursuant to Title VII, Equal Protection violation pursuant to Section 1983, and FMLA interference and retaliation. Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) and subsequently, Plaintiff requested and received a Right to Sue Letter dated December 20, 2013. Defendants deny each of Plaintiff's allegations.

(c) The legal issues to be tried are as follows:

1. Whether Plaintiff was subjected to unlawful sexual harassment/retaliation in violation of the Equal Protection Clause;

2. Whether Plaintiff was subjected to unlawful sexual harassment and/or retaliation in violation of Title VII;

3. Whether Plaintiff was subjected to unlawful interference and/or retaliation in violation of the FMLA;

4. Whether Plaintiff is entitled to recover damages as a result of these alleged violations, and if so, in what amount;

5. Whether Plaintiff is entitled to recover attorneys' fees and costs incurred in this action.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None

(2) Previously Adjudicated Related Cases: None

2. This case is complex because it possesses one or more of the features listed below (please check):

\_\_\_      (1)   Unusually large number of parties
\_\_\_      (2)   Unusually large number of claims or defenses
\_\_\_      (3)   Factual issues are exceptionally complex
\_\_\_      (4)   Greater than normal volume of evidence
\_\_x\_    (5)   Extended discovery period is needed
\_\_\_      (6)   Problems locating or preserving evidence
\_\_\_      (7)   Pending parallel investigations or action by government
\_\_\_      (8)   Multiple use of experts
\_\_\_      (9)   Need for discovery outside United States boundaries
\_\_\_    (10)  Existence of highly technical issues and proof
\_\_\_    (11)  Unusually complex discovery of electronically stored information

3.   Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:        Eleanor Mixon Attwood

Defendant:        Kristi Matthews

4.   Jurisdiction:

Is there any question regarding this Court's jurisdiction?

     Yes      \_\_\_\_\_   No   \_\_\_x\_\_\_\_

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   Parties to This Action:

     (a)   The following persons are necessary parties who have not been joined:

NONE

9

(b) The following persons are improperly joined as parties:

NONE

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

NONE

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:  NONE

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties do not object to filing initial disclosures.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not seek a scheduling conference at this time.

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a

discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff's claim, Defendant's defenses, and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The case has been assigned to a four-month discovery period set to begin thirty days after Defendants file an answer.

11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

(b) Is any party seeking discovery of electronically stored information?

__X__   Yes

____   No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed and will continue to discuss the extent of electronic discovery and believe that any issues that may arise can be resolved

amicably.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have discussed and will continue to discuss the extent of electronic discovery and believe that any issues that may arise can be resolved amicably.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 12, 2014, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel:     *Eleanor Mixon Attwood*

Other participants:              N/A

For defendant: Lead counsel:     *Kristi D.A. Matthews*

Other participants:		Y. Soo Jo

	(b)	All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(     ) A possibility of settlement before discovery.
(  X  ) A possibility of settlement after discovery.
(     ) A possibility of settlement, but a conference with the judge is needed.
(     ) No possibility of settlement.

	(c)	Counsel(  ) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is 			, 20    .

	(d)	The following specific problems have created a hindrance to settlement of this case:

14.	Trial by Magistrate Judge:

	Note: Trial before a Magistrate Judge will be by jury trial if a party is

otherwise entitled to a jury trial.

	(a)	The parties (      ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day of _____, 20    .

	(b)	The parties (  X  ) do not consent to having this case tried before a magistrate judge of this Court.

	Respectfully submitted this 21st day of May, 2014.

| THE BUCKLEY LAW FIRM, LLC | CITY OF ATLANTA LAW DEPARTMENT |
|---|---|
| By: s/ Eleanor M. Attwood<br>Georgia Bar No. 514014<br>emattwood@buckleylawatl.com<br>1230 Peachtree Street, Suite 900<br>Atlanta, GA  30309<br>T:  404-781-1100<br>F:  404-781-1101<br>Counsel for Plaintiff | By: s/ Kristi Matthews<br>Georgia Bar No. 773365<br>kmatthews@atlantaga.gov<br>Robert N. Godfrey<br>Georgia Bar No. 298550<br>Y. Soo Jo<br>Georgia Bar No. 385817<br>ysjo@atlantaga.gov<br>68 Mitchell Street, Suite 4100<br>Atlanta, GA  30303<br>T:  404-330-6400<br>F:  330-6894<br>Counsel for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELLY OLIVIERA, | ) | CIVIL ACTION |
| | ) | FILE NO. 1:14-cv-00708-CC-JSA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the leadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____.

IT IS SO ORDERED, this ____ day of _____, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF GEORGIA